1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRUCE A. RICE,

                    Plaintiff,

            v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and ROB
KLINE,

                    Defendants.

Case No.  C05-5595RJB

ORDER DENYING MOTION TO
REMAND

        This matter comes before the court on plaintiff's Motion to Remand. Dkt. 4.  The court has

considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

        On August 12, 2005, the plaintiff filed a civil action in the Superior Court of Washington in and for

Pierce County, against defendants State Farm Mutual Automobile Insurance Company (State Farm) and

Rob Kline. Dkt. 1, Exh. A. The plaintiff was allegedly injured in an automobile accident on August 18,

2000. He sought benefits from State Farm under his underinsured motorist coverage.  The complaint stems

from defendants' actions in responding to the plaintiff's demand for benefits. The plaintiff alleges (1)

violation of state insurance regulations, (2) violation of the Washington Consumer Protection Act (CPA),

(3) breach of contract, (4) negligent and intentional infliction of emotional distress, (5) civil fraud, and (6)

insurance bad faith. *Id.* The civil fraud claim is brought against only State Farm. *Id.* at 14. The remaining

1  claims are asserted against "the defendant." *Id*. at 13-14. The complaint makes numerous references to "the

2  defendant" without distinguishing between State Farm and Mr Kline. The complaint refers to "the

3  defendants," plural, only in the prayer for relief. *Id*. at 15.

4        On September 12, 2005, State Farm removed this case to federal court on the basis of diversity of

5  citizenship pursuant to 28 U.S.C. § 1332. Dkt. 1. State Farm is a citizen of Illinois, and the amount in

6  controversy appears to exceed $75,000. The complaint alleges that Mr. Kline is an agent of State Farm and

7  that all acts performed by Mr. Kline were within the scope of his employment with State Farm. Dkt. 1,

8  Exh. A., at 1. Mr. Kline is a citizen of Washington.  Dkt. 1, Notice of Removal, at 2.

9        Included with the Notice of Removal is a document captioned STIPULATION OF COUNSEL ON

10  BEHALF OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY RE: LIABILITY

11  OF ROB KLINE, signed by Scott C. Wakefield, Attorney for State Farm Mutual Automobile Insurance

12  Company.  This document, dated September 12, 2005 provides as follows:

13        COMES NOW, defendant State Farm Mutual Automobile Insurnce Company ("State Farm"), by
    and through its undersigned counsel of record in the above-captioned matter, and hereby stipulates

14      that all acts of Rob Kline complained of in this action were done in the course and scope of Rob
    Kline's employment with State Farm.  State Farm further hereby agrees to defend, indemnify and

15      hold Rob Kline harmless from and against any and all liability in the above-captioned matter.

16  Dkt. 1.

17        The plaintiff moves the court to remand the case for lack of  complete diversity. The plaintiff argues

18  that he has at least a possibility of recovering against Mr. Kline because (1) in Washington, agents are

19  personally liable for their own tortious conduct; (2) Washington law expressly imposes a duty of good faith

20  on the representatives of insurance companies, in addition to insurance companies themselves; (3)

21  Washington law expressly permits actions against an adjuster for negligent handling of the insured's claim;

22  (4) Mr. Kline's actions constitute tortious interference; (5) Mr. Kline's actions constitute negligent and

23  intentional infliction of emotional distress; and (6) Washington law permits a plaintiff to sue either the

24  principal or agent, or both, for fraud and misrepresentation. Dkt. 4.

25        State Farm alleges that Mr. Kline was fraudulently joined because plaintiff has no bona fide claim

26  against him personally, because all of Mr. Kline's relevant actions were done within the scope of his

27  employment with State Farm, and because it has agreed to indemnify Mr. Kline. Dkt. 8.

28        In his reply, the plaintiff contends that State Farm's willingness to indemnify Mr. Kline does not

1  confer jurisdiction upon the court and that the court's sole inquiry is whether the complaint states a claim

2  against Mr. Kline. Dkt. 10.

3  **II. DISCUSSION**

4  Any civil action may be removed to federal district court so long as original jurisdiction would lie in

5  the court to which the case is removed. 28 U.S.C. § 1441(a). Jurisdiction arising under 28 U.S.C. § 1332

6  requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.

7  *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 579-80 n. 2 (1999) (section 1332 requires complete

8  diversity); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). In this case, the amount

9  in controversy apparently exceeds $75,000. Plaintiff is a resident of Washington. State Farm is

10  incorporated and has its principal place of business in Illinois. Mr. Kline is a resident of Washington. On

11  the face of the complaint, it appears that this action meets the amount in controversy requirement but lacks

12  complete diversity of citizenship.

13  Fraudulently joined defendants, however, will not defeat removal on diversity grounds. *McCabe v.*

14  *General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder is a legal term of art and

15  does not include "fraud in the traditional legal sense. *Id.* If the plaintiff fails to state a cause of action

16  against a resident defendant, and the failure is obvious according to the settled rules of the state, the

17  joinder of the resident defendant is fraudulent. *Id.* In determining whether a defendant has been

18  fraudulently joined, the district court is not limited to the plaintiff's pleadings. *Ritchey v. Upjohn Drug Co.*,

19  139 F.3d 1313, 1818 (9th Cir. 1998). The defendant seeking removal to the federal court is entitled to

20  present facts showing the joinder to be fraudulent. *Id.*

21  As a threshold matter, several of the plaintiff's arguments are inapplicable because they do not

22  pertain to the plaintiff's claims as alleged in the complaint. In his motion and reply, the plaintiff contends

23  that insurance adjusters may be held liable for negligent claim management, but the plaintiff's complaint

24  does not state a claim for negligence. Similarly, the plaintiff contends that Mr. Kline committed tortious

25  interference, but the complaint makes no such claim. Finally, the plaintiff contends that he has a possibility

26  to recover from Mr. Kline on his civil fraud claim. In his complaint, the plaintiff expressly asserts this claim

27  against only State Farm. Dkt. 1, Exh. A. at 14 ("The conduct of State Farm constitutes the tort of civil

28  fraud.").

The complaint does not differentiate between actions for which State Farm is directly liable and those for which it is vicariously liable. Dkt. 4 at 6 ("An individual is always liable for his or her own torts, regardless of whether another (such as the individual's employer) is also vicariously liable."). Under either analysis, the plaintiff must first establish a duty owed by the individual and may then proceed to establish an independent duty owed by the employer or that the employer is vicariously liable for the employee's breach of that duty. *See Robel v. Roundup Corp.*, 148 Wn.2d 35, 53 (2002). Because the majority of the plaintiff's claims are asserted against "the defendant" without any indication of whether the claim is against State Farm, Mr. Kline, or both; it is impossible to know which claims are premised upon Mr. Kline's duties. For purposes of determining whether the plaintiff has stated a claim against Mr. Kline, the court will assume that "the defendant" refers to Mr. Kline alone or in conjunction with State Farm.

## A. REGULATORY AND STATUTORY VIOLATIONS AND BAD FAITH

The complaint first alleges violations of several statutory and regulatory provisions. The plaintiff contends that RCW 48.01.030 imposes a duty on the defendant and that the defendant violated this duty (the complaint does not reference this provision, but the sixth cause of action is insurance bad faith). The plaintiff cites no authority for the proposition that the language contained in RCW 48.01.030 ("and their representatives") imposes a duty of good faith on insurance company employees such as the defendant, and the court has found no cases that so hold. RCW 48.01.030 cannot be read in isolation. It is administratively implemented through the Washington Administrative Code. WAC 284-30-300 et seq., which contains the regulatory provisions that the plaintiff alleges the defendant violated. The plaintiff's insurance bad faith and regulatory violation claims must therefore be read in conjunction with one another.

The plaintiff contends that Mr. Kline violated provisions pertaining to unfair claims settlement practices (WAC 284-30-330), failure to acknowledge pertinent communications (WAC 284-30-360), and prompt claims investigation practices (WAC 284-30- 370). These provisions apply to "insurers," which are defined as follows:

> any individual, corporation, association, partnership, reciprocal exchange, interinsurer, Lloyds insurer, fraternal mutual insurer, fraternal mutual life insurer, and any other legal entity engaged in the business of insurance, authorized or licensed to issue or who issues any insurance policy or insurance contract in this state.

WAC 284-30-320(5).

There is no evidence that Mr. Kline falls within this definition. The plaintiff has not demonstrated that Mr. Kline was authorized or licensed to issue insurance policies or that he does actually issue such policies. Therefore, these provisions do not impose a duty of good faith upon Mr. Kline.

The plaintiff also alleges that the defendant violated RCW 48.17. This claim appears to be asserted against only State Farm. Dkt. 1, Exh. A at 13 ("RCW 48.17 et seq. requires that *insurance companies* employ properly trained and licensed adjusters for the investigation of insurance claims."), *emphasis added*.

Because Mr. Kline does not owe the plaintiff a duty under the regulatory and statutory provisions listed in the complaint, his joinder is fraudulent with respect to the plaintiff's first cause of action.

## B. CONSUMER PROTECTION ACT VIOLATION AND BREACH OF CONTRACT

In order to be liable under the Consumer Protection Act, RCW 19.86, there must be a contractual relationship between the parties. *International Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co.*, 122 Wn. App. 736, 758 (2004). The plaintiff notes that an action for bad faith management of insurance claims gives rise to a *remedy* independent of the insurance contract, but this does not negate the requirement that the defendant be a party to a contract with the plaintiff. *Griffin v. Allstate Ins. Co.*, 108 Wn. App. 133, 143 (2001). The Consumer Protection Act does not contemplate suits against employees of insurance companies, and the plaintiff has not demonstrated that Mr. Kline was party to a contract with the plaintiff. *See International Ultimate*, 122 Wn. App. at 758. The court should therefore find that Mr. Kline was fraudulently joined with respect to the plaintiff's second and third causes of action for violation of the CPA and breach of contract.

## C. NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The plaintiff's fourth cause of action is for negligent and intentional infliction of emotional distress. The plaintiff's allegation is as follows:

> The defendant negligently and intentionally failed to properly investigate Bruce Rice's claim, conspired to undermine their [sic] insured's legal and financial position, [and] negligently and intentionally failed to comply with the Washington Administrative Code. As a direct and proximate result of the defendant's negligence and intentional conduct, the insured has suffered serious emotional distress and other damages in an amount that will be proved at trial.

Dkt. 4, Exh. A at 14. The majority of these allegations suggest that he is claiming emotional distress damages for his first cause of action (regulatory and statutory violations). The plaintiff's motion supports this construction of the complaint. Dkt. 4 at 10. ("Mr. Kline took no action on Mr. Rice's claim for almost four years, in spite of a clear statutory mandate to do so, and in spite of his knowledge that Mr. Rice was unable to work and provide for himself. Moreover, he ignored Mr. Rice's claim even though he knew that Mr. Rice would be able to recover only a very small portion of his actual damages from the tortfeasor."). The allegation that the defendants "conspired to undermine their insured's legal and financial positions" appears to constitute a separate claim for negligent and intentional infliction of emotional distress, but the plaintiff does not offer any facts to support this allegation. *See* Dkt. 4 at 10 (facts supporting emotional distress claim all pertain to statutory and regulatory violations; no facts concerning "conspiracy" issue). The court should therefore find that joinder of Mr. Kline is fraudulent for purposes of the claims for emotional distress.

### D. CIVIL FRAUD

The plaintiff brings the civil fraud claim against only State Farm.

### E. CONCLUSION

The only claims asserted against Mr. Kline for which Mr. Kline arguably owed the plaintiff a duty are the claims for negligent and intentional infliction of emotional distress. The plaintiff's complaint alleges that the defendants conspired to undermine the plaintiff's legal and financial positions. Neither the complaint nor the motion to remand addresses this allegation or offers facts to support it. The court should therefore find that Mr. Kline is a sham defendant whose presence in the case should be disregarded for purposes of determining the court's jurisdiction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Plaintiff's Motion to Remand (Dkt. 4) is **DENIED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send certified copies of this order to the Clerk of the Court for Clark County Superior Court.

DATED this 7th day of October, 2005.

Robert J. Bryan
United States District Judge

ORDER
Page - 7