1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| BRUCE A. RICE, | |
|---|---|
| Plaintiff, | Case No.  C05-5595RJB |
| v. | ORDER DENYING MOTION TO COMPEL AND DENYING MOTION FOR PROTECTIVE ORDER |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and ROB KLINE, | |
| Defendants. | |

This matter comes before the court on the plaintiff's Motion to Compel (Dkt. 14) and Defendant State Farm Mutual Automobile Insurance Company's Motion for Protective Order (Dkt. 22). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 2005, the plaintiff filed a civil action in the Superior Court of Washington in and for Pierce County, against defendants State Farm Mutual Automobile Insurance Company (State Farm) and Rob Kline. Dkt. 1, Exh. A. The plaintiff was allegedly injured in an automobile accident on August 18, 2000. He sought benefits from State Farm under his underinsured motorist coverage.  The complaint stems from defendants' actions in responding to the plaintiff's demand for benefits.

Plaintiff's First Interrogatories and Requests for Production of Documents to Defendants seeks several documents ("the withheld documents") that State Farm contends are confidential because they are privileged or constitute confidential business information. Dkt. 15-2 at 3, Dkt. 21 at 12. State Farm has

refused to produce the withheld documents absent a protective order, and Mr. Rice now moves the court to compel State Farm to furnish the withheld documents and to enter into a protective order with the following language:

> Any party designating documents as "CONFIDENTIAL INFORMATION" shall so identify such documents to the opposing party before marking such documents confidential. If the parties agree that the documents so identified are confidential, the producing party shall mark such documents as "CONFIDENTIAL INFORMATION." If the parties cannot agree that a document is confidential, the producing party must file a motion with the Court to make a determination of the document's confidentiality within ten (10) days of notice that one or more parties disagrees with the proposed confidential designation. In the interim, the documents will be produced and will be treated as confidential.

Dkt. 14 at 4.

Shortly after the motion to compel was filed, State Farm moved for a protective order, asking the court to issue a protective order with the following language:

> If a dispute arises about the propriety of defendant State Farm designating any of the documents referenced in Paragraph 3 or Paragraph 6 as "confidential documents" protected by these Terms of Protective Order, any party may apply to the court for an order resolving such dispute. Until the court removes the confidential designation, however, no party shall publicly disclose any confidential documents or materials.

Dkt. 22, Dkt. 22-2 at 8-9.

The parties have conferred in good faith as required by Local Rule CR 37(a)(2)(A) but have been unable to reach a resolution on the question of who bears the burden of establishing confidentiality of materials to be governed by a protective order. Because both motions seek entry of a protective order and dispute the terms of such an order, the court will consider the motions together.

## II. DISCUSSION

### A. TIMELINESS OF THE MOTIONS

As a threshold matter, State Farm contends that the motion to compel is untimely because the parties have not conferred and created a discovery plan. The court notes, however, that State Farm also has a discovery motion pending at this time. Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b)(1). If a party fails to answer an interrogatory, the party may move to compel disclosure pursuant to Federal Rule 37. Fed. R. Civ. P. 37(a)(2)(B). According to Federal Rule 26(d), "Except . . . when authorized . . . by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. Pro. 26(d).

Though the parties have not yet conferred as required by Federal Rule 26(f), State Farm has already produced over 8,000 pages of documents to Mr. Rice, evidencing an agreement to begin the discovery process early. Dkt. 19 at 3. The pending motions are therefore timely and not premature under Federal Rule 26(d).

**B. MOTION FOR PROTECTIVE ORDER**

The parties agree that a protective order is necessary to protect the confidential nature of some or all of the documents State Farm has withheld. Dkt. 14 at 1, Dkt. 22. The dispute is who bears the burden of establishing good cause for issuing a protective order.

Federal Rule 26 governs protective orders and provides the following:

> Upon motion by a party . . . accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> > (7) that . . . confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

Federal Rule CR 26(c). This is a public court, and its business should be conducted publicly unless there is a specific reason to keep things confidential. If a protective order is appropriate, it should be narrowly drawn. The presumption is in favor of open and public litigation.

The burden of demonstrating good cause lies with the party seeking the protective order. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). If the party succeeds in demonstrating that disclosure would result in particularized harm, public and private interests must be weighed to determine whether a protective order is necessary. *Id.* at 1064-63. While parties may agree among themselves to keep certain documents confidential, good cause must be demonstrated if such an agreement is to be ratified by court order. Any protective order should reflect this allocation of the burden of proof, requiring State Farm to demonstrate the confidentiality of *all documents* governed by the protective order, irrespective of the agreement of the parties. As neither of the proposed protective orders complies with these principles, the motion for a protective order should be denied without prejudice.

Having determined that a blanket protective order allowing the parties themselves to determine its scope would be inappropriate, the court need not address the other disputed provisions of the proposed protective orders. The court notes, however, that both proposals contain substantially identical language

ORDER
Page - 3

providing that documents containing confidential material shall be filed under seal. *See* Dkt. 22-2 at 8, Dkt. 31-2 at 8. Local Rule CR 5(g) governs the sealing of court records and must be complied with if documents are to be sealed, notwithstanding the existence of a protective order.

### C. MOTION TO COMPEL

Though presented as a motion to compel production of documents, Mr. Rice's motion also seeks an order requiring the parties to submit a proposed protective order with the court within 10 days. Compelling State Farm to enter into a protective order to protect its own documents is an inappropriate exercise of this court's discretion, and the court should therefore deny the motion to compel the plaintiff to enter into a protective order.

To the extent that the motion seeks to compel State Farm to produce the withheld documents, the motion should be denied. The court should not order the defendant to produce documents when the court is not yet able to determine whether the documents are confidential as State Farm contends.

The motion to compel ends with a lengthy excerpt from a Supreme Court case that, if anything, speaks to the merits of Mr. Rice's bad faith claim. Dkt. 14 at 10-12. State Farm specifically objects to this portion of the motion, contending that it is an inappropriate attempt to smear State Farm. Dkt. 19 at 12. The quotation is not relevant to the issues at hand and has had no bearing on the court's reasoning.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Plaintiff's Motion to Compel (Dkt. 14) is **DENIED** without prejudice and Defendant State Farm Mutual Automobile Insurance Company's Motion for Protective Order (Dkt. 22) is **DENIED** without prejudice.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send certified copies of this order to the Clerk of the Court for Clark County Superior Court.

DATED this 6th day of December, 2005.

Robert J. Bryan
United States District Judge