UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRUCE A. RICE,

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and ROB KLINE,

        Defendants.

Case No. C05-5595RJB

**ORDER DENYING MOTION FOR PROTECTIVE ORDER**

This matter comes before the court on Defendant State Farm Mutual Automobile Insurance Company's Motion for Protective Order (Dkt. 48). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

### **FACTUAL AND PROCEDURAL BACKGROUND**

On August 12, 2005, Plaintiff Rice filed a civil action in the Superior Court of Washington in Pierce County against Defendants State Farm Mutual Automobile Insurance Company (State Farm) and Rob Kline. Dkt. 1, Exh. A. On September 12, 2005, Defendants removed this action to federal court. Dkt. 1. In his Complaint, Plaintiff alleges that he was injured in an auto accident on August 18, 2000. Dkt. 1, Exh. A, at 1-4. Plaintiff further alleges that he sought benefits from Defendant State Farm under his underinsured motorist (UIM) policy, and that, among other things, he was denied both an investigation and reasonable compensation for his injuries. Dkt. 1, Exh. A, at 7-9. Plaintiff's claims include (1) violation of the Washington Consumer

1 Protection Act, (2) breach of contract, (3) fraud, and (4) negligent and intentional infliction of emotional
2 distress. Dkt. 1, Exh. A, at 13-16. On January 9, 2006, a Joint Status Report was filed by all parties, and
3 discovery is currently underway in this matter.

4       On February 24, 2006, Defendant State Farm filed this Motion for a Protective Order, requesting relief
5 from Plaintiff's request for production brought pursuant to Fed. R. Civ. P. 30(b)(6). According to Defendant
6 State Farm, Plaintiffs have requested that Defendant produce a Fed. R. Civ. P. 30(b)(6) witness or witnesses
7 on the following two topics:

8      (1)    the person who knows the most about the drafting and interpretation of Bruce Rice's State Farm uninsured motorist policy; and

9

10      (2)    the person who knows the most about the location, whereabouts and retention of all records relating to complaints made by insureds against State Farm.

11 Dkt. 48, at 1-2.

12       In its Motion for a Protective Order, Defendant State Farm states that it has agreed to produce
13 witnesses for several other requests made by Plaintiff, but that these two requests are not appropriate. *Id.*
14 Specifically, Defendant contends that issue #1 is irrelevant because there is no claim in this case that Defendant
15 improperly denied that Plaintiff had UIM coverage, and that the only dispute is over the value of Plaintiff's
16 UIM claim and Defendant's handling of it. *Id.* at 5. Defendant also contends that issue #2 is vague, overly
17 broad, and unduly burdensome because Plaintiff has not identified a time period or geographic scope of the
18 complaints in question. *Id.*

19       Plaintiff argues that issue #1 is relevant, because Plaintiff alleges that the parties did not agree to
20 arbitrate this dispute, and Defendant State Farm refused to perform a reasonable analysis of Plaintiff's
21 damages, both of which were Defendant State Farm's obligations under the policy. Dkt. 50, at 2. Plaintiff
22 further argues that issue #2 is not vague, overly broad, or unduly burdensome because Defendant State Farm
23 has admitted that it keeps computerized records regarding complaints against the company, and that such
24 computerized records would make retrieval of these records easy. *Id.*, at 3. Moreover, Plaintiff argues that
25 issue #2 merely seeks testimony on the location, whereabouts and retention of all such records, in an attempt
26 to discover what records Defendant State Farm has in order to determine the most efficient method of securing
27 relevant documents. *Id.* Plaintiff contends that there is nothing improper about deposing the person(s) at the
28 company who are knowledgeable about its record keeping practices. *Id.*

Plaintiff further argues that the discovery of pattern and practice evidence is highly relevant to their claims brought under the Washington Consumer Protection Act, as well as their claims for fraud and bad faith. *Id.* at 6. Moreover, Plaintiff argues that one of the required elements for a Consumer Protection Act claim is that the alleged deceptive practice is not an isolated incident. *Id.* (citing *Hangman Ridge Training Stables Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 790 (1986)). Further, Plaintiff argues that witnesses in the form of others who have been frustrated by Defendant State Farm can only be uncovered through such complaints and related documents. *Id.* (citing *Washington State Physicians Ins. Exchange & Asssoc. v. Fisons*, 122 Wash.2d 299 (1993).

## APPLICABLE STANDARDS

Fed. R. Civ. P. 26(b)(1) permits parties to conduct discovery "regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action ..." However, discovery is not without limits. Fed. R. Civ. P. 26(b)(2) states in pertinent part the following:

> ... The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: ... the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. ...

A party may seek a protective order when information sought is not relevant to the subject matter involved in the pending action. *Home Savings Bank F.S.B. v. Gillam*, 952 F.2d 1152 (9th Cir. 1991).

Fed. R. Civ. P. 26(c) authorizes a district court to issue a protective order when a party opposed to discovery shows "good cause" why a protective order should be issued. It reads in pertinent part:

> Upon motion by a party or by a person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1)   that the disclosure or discovery not be had;
>
> (2)   that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

To show that a party will be unduly burdened by the discovery request, the party opposing disclosure must set forth specific allegations of harm substantiated by "articulated reasoning." *Beckham Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

ORDER
Page - 3

## DISCUSSION

The parties have conferred in good faith as required by Local Rule CR 37(a)(2)(A), but have been unable to reach an agreement in this matter. Therefore, it is the responsibility of the Court to analyze the above two issues and determine whether Defendant State Farm is entitled to a protective order under Fed. R. Civ. P. 26(c).

With regard to issue #1, Defendant State Farm opposes discovery of this information as irrelevant. Specifically, Defendant State Farm contends that its interpretation of the underlying policy is not relevant to these proceedings because (1) there is no claim in this case that Defendant improperly denied the fact that Plaintiff had UIM coverage, and (2) the only dispute is over the value of Plaintiff's UIM claim and Defendant's handling of it. This argument is unpersuasive. Plaintiff has brought, among other things, claims alleging bad faith, fraud, and breach of contract. Defendant State Farm's interpretation of the underlying contract, especially in a breach of contract case, seems entirely relative to these proceedings. Moreover, Defendant has not offered an adequate explanation as to why such evidence is irrelevant under the circumstances. Therefore, Defendant has not met its burden of showing good cause why a protective order should be issued, as required by Fed. R. Civ. P. 26(c), and Defendant's Motion should be denied.

With regard to issue #2, Defendant State Farm opposes discovery of this information on the grounds that it is vague, overly broad, and unduly burdensome, because Plaintiff has not identified a time period or geographic scope of the complaints in question. Plaintiff, however, is not requesting all complaints ever received by Defendant State Farm, but rather, to interview the appropriate record keeper to determine what complaints may be relevant in this matter. It is difficult to see how a request for such an interview is vague, overly broad, and unduly burdensome. Moreover, Plaintiff's argument that the information is necessary to establish a pattern of deceptive conduct, as a necessary element of Plaintiff's claim under the Washington Consumer Protection Act, is persuasive under the circumstances.

Defendant's argument that it would be unduly burdened by allowing Plaintiff to interview a person familiar with these records is unpersuasive. To show that a party will be unduly burdened by the discovery request, the party opposing disclosure must set forth specific allegations of harm substantiated by "articulated reasoning." *Beckham Industries, Inc. v. International Ins. Co.*, 966 F.2d at 476. Defendant has failed to do so in this matter, and Defendant's motion should therefore be denied.

## **ORDER**

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Protective Order (Dkt. 48) is **DENIED** with prejudice.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of March, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge